UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOY C. GRIFFITH,<br>    PLAINTIFF,<br><br>v.<br><br>KLIMA, PETERS & DALY, P.A., P.C.<br>LVNV FUNDING, LLC<br><br>    DEFENDANTs. | CASE #: 3:25-CV-839<br><br><br><br>JURY TRIAL DEMANDED |

### COMPLAINT

**COMES NOW** the Plaintiff, by counsel, and for her Complaint against the Defendant Klima, Peters & Daly, P.A., P.C. and LVNV Funding, LLC, respectfully says as follows:

### PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought by Plaintiff Joy Griffith, an individual consumer, against Defendant, Klima, Peters & Daly, P.A., P.C. and LVNV Funding, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION, VENUE, and JURY DEMAND

1. This court has jurisdiction over the FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

1

Jason M. Krumbein, Esq. VSB#43538
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 (voice) / 804.823.2565 (fax) / JKrumbein@KrumbeinLaw.com (email)

2. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1391(b) and (c).

4. The actions complained of occurred primarily (if not exclusively) in the Eastern District of Virginia, the Defendants transact business here, and should expect to be hailed into this court.

5. **TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE**. *See* Fed. R. Civ. P. 38 and U.S. Const. amend. VII.

## PARTIES

6. Plaintiff, Joy Griffith ("Plaintiff") is a natural person and resides in Chesterfield, Virginia.

7. Plaintiff falls within the definition of a consumer pursuant to 15 U.S.C. § 1692a(3).

8. Defendant, Klima, Peters & Daly, P.A., P.C. ("KPD"), is a Maryland Professional Corporation, engaged in the business of regularly collecting debts in this Commonwealth, with its principal place of business located at 8028 Ritchie Hwy, Suite 300, Pasadena, MD 21122.

9. KPD is registered with the Secretary of the Commonwealth, and may be served at the following: r/a A. Connellee Armentrout, Esq, 2025 E. Main St., Suite 206, Richmond, VA 23223

10. The principal business of KPD is the collection of debts.

11. KPD regularly attempts to collect consumer debts alleged due to another.

12. KPD is engaged in the collection of debts from consumers using the mails and telephone.

13. KPD is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

2

14. Defendant, LVNV Funding, LLC ("LVNV") is a Delaware LLC, registered with the Virginia State Corporation Commission, with a principal place of business at 355 S Main St Ste 300-D, GREENVILLE, SC, 29601 and a registered agent of Corporation Service Company, 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

15. LVNV regularly attempts to collect consumer debts alleged originally due another.

16. LVNV is engaged in the collection of debts, indirectly, from consumers using the mails and telephone.

17. LVNV is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTS

18. Plaintiff's incurred an alleged debt with Lending Club (not a defendant herein) for her personal use, bringing the debts in question within the Fair Debt Collection Practices Act.

19. The debt with Lending Club was assigned, sold or otherwise transferred to LVNV.

20. The debt with Lending Club was defaulted upon and charged off in July of 2020.

21. The statute of limitations on a written agreement is 5 years in Virginia.

22. KPD filed a lawsuit on behalf of LVNV against Plaintiff on the alleged debt on or about April 18, 2025 in the Chesterfield County General District Court.

23. The lawsuit was filed more than 5 years after the default.

24. Counsel for Griffith filed a Notice of Appearance and served it on KPD on June 14, 2025 which was acknowledged on June 15, 2025.

25. KPD then filed a Bill of Particulars, continuing to allege that the debt was due, and served the Bill of Particulars on Griffith, not counsel, on July 1, 2025.

26. Plaintiff defended on the basis of statute of limitations.

3

27. KPD and LVNV elected to enter a non-suit on the matter.

28. KPD and LVNV are aware, or should be aware, relevant case law which identifies that suing on time barred debt is a misrepresentation of the amount, character or legal status of the debt, in violation of the Fair Debt Collection Practices Act, including *Kimber v. Federal Financial Corp*, 668 F. Supp 1480 (M.D. Ala 1987); *Thompon v. Midland Funding, LLC*, 375 F. Supp 3d, 774, (E. D. KY, 2019) at 779-780 (collecting 6th cir cases); *In re Dubois*, 834 F3d, 522 (4th Cir, 2016), citing *Crawford v. LVNV Funding, LLC*, 578 F3d 1254, 1259-60 (11th Cir, 2014) Cert. denied at 135 S. Ct. 1844 (2015).

29. Plaintiff suffered mental and emotional distress damages as a result of the actions of the defendant.

## COUNT ONE:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p

30. Plaintiff restates and re-alleges all previous paragraphs herein.

31. Defendant has violated the FDCPA 15 U.S.C. § 1692 in the following manner:

    a. Defendant has violated the FDCPA 15 U.S.C. § 1692b[6] in that it has communicated with a person known to be represented by counsel.

    b. Defendant has violated the FDCPA 15 U.S.C. § 1692[e] in that it has used false and deceptive means to collect a consumer debt.

    c. Defendant has violated the FDCPA 15 U.S.C. § 1692[e][2] in that it has misrepresented the legal status of a consumer debt in an effort to collect the debt.

4

Jason M. Krumbein, Esq. VSB#43538
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 (voice) / 804.823.2565 (fax) / JKrumbein@KrumbeinLaw.com (email)

    d. Defendant has violated the FDCPA 15 U.S.C. § 1692[e][4] in that it has misrepresented that a seizure of assets could take place in an effort to collect the debt.

    e. Defendant has violated the FDCPA 15 U.S.C. § 1692[e][5] in that it has taken or threatened to take action that cannot be taken, in an effort to collect a consumer debt.

    f. Defendant has violated the FDCPA 15 U.S.C. § 1692[e][10] in that it has made false representations in an effort to collect a consumer debt.

    g. Defendant has violated the FDCPA 15 U.S.C. § 1692f, in that it used unfair or unconscionable means to collect the alleged debt by suing on time barred debt in hopes that Plaintiff would pay and suing without legal authority to do so.

32. Plaintiff is entitled to statutory damages, actual damages, attorney fees, and costs, pursuant to 15 U.S.C. § 1692k(a).

**WHEREFORE**, the Plaintiff by Counsel, respectfully requests this court to enter judgment on her behalf for violations of the Fair Debt Collection Practices Act for statutory damages, actual damages, attorney fees, and costs.

**JOY C. GRIFFITH**
/s/ Jason M. Krumbein, Esq.
by: Jason M. Krumbein, Esq. VSBN 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 phone
804.823.2565 fax

5

Jason M. Krumbein, Esq. VSB#43538
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 (voice) / 804.823.2565 (fax) / JKrumbein@KrumbeinLaw.com (email)